# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MONTEZ PARROTT,                                    Case No. 1:13-cv-409
      Petitioner,

                                    Barrett, J.

      vs.                                          Bowman, M.J.

WARDEN, LEBANON                                    **REPORT AND**
CORRECTIONAL INSTITUTION,                          **RECOMMENDATION**
      Respondent.


Petitioner, an inmate in state custody at the Lebanon Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petition, respondent's motion to dismiss, and petitioner's reply.   (Docs. 3, 6, 7).

## I.       PROCEDURAL HISTORY

### State Trial Proceedings

On June 28, 2010, the Warren County, Ohio grand jury returned a seven-count indictment charging petitioner with three counts of aggravated robbery, three counts of kidnapping, and one count of having weapons under disability.  (Doc. 6, Ex. 2).  After initially entering a plea of not guilty, petitioner withdrew his initial plea and entered a guilty plea to the three counts of aggravated robbery charged in the indictment.  (Doc. 6, Ex. 3, 4).  On February 24, 2011, petitioner was sentenced to a total aggregate prison sentence of twelve years.  (Doc. 6, Ex. 5).

Petitioner did not appeal to the Ohio Court of Appeals from the trial court's judgment and sentence.

**Motion to Impose Concurrent Sentences**

On July 10, 2012, petitioner filed a pro se motion to impose concurrent sentences in the state trial court. (Doc. 6, Ex. 6). On August 10, 2012, the Ohio trial court denied petitioner's motion. (Doc. 6, Ex. 8).

On November 16, 2012, petitioner filed a pro se notice of appeal and motion for leave to file a delayed appeal from the trial court's denial of his motion. (Doc. 6, Ex. 9, 10). The Ohio Court of Appeals denied petitioner's motion for leave to file a delayed appeal on December 12, 2012. (Doc. 6, Ex. 13).

On January 28, 2013, petitioner filed a pro se notice of appeal in the Ohio Supreme Court. (Doc. 6, Ex. 14). In his memorandum in support of jurisdiction, petitioner raised the following proposition of law:

> Defendant-Appellant, was denied his State Constitutional Rights R.C. 2941.25(A) where the same conduct by Defendant-Appellant can be construed to constitute two or more allied offenses of similar import, the indictment *or* information may contain counts for all such offenses, but the Defendant-Appellant may be convicted of only one.

> Also Defendant-Appellant State Constitutions Right (sic) was violated when the new Johnson analysis was not applied. Therefore, Defendant-Appellant sentence must be reversed by this Court. Also Defendant-Appellant case does constitute allied offenses of similar import.

(Doc. 6, Ex. 15). On April 24, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 6, Ex. 17).

**Federal Habeas Corpus**

Petitioner filed the instant federal habeas corpus action on June 1, 2013.[1] (Doc. 3). In

---

[1] The petition was filed with the Court on June 17, 2013. (Doc. 3). Petitioner avers, however, that he placed the petition in the prison mailing system for delivery to the Court on June 1, 2013. (*See* Doc. 1, p. 16). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a pro se prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), it is presumed that the petition was "filed" on June 1, 2013.

the petition, petitioner raises the following three grounds for relief:

> GROUND ONE: Petitioner-Appellant, was denied his States Constitutional Rights R.C. 2941.25(A) where the same conduct by Petitioner-Appellant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the Petitioner-Appellant may be convicted of only one.

> GROUND TWO: Petitioner's (sic) was denied his United States Constitutional Rights because that such multiple punishment violate the Double Jeopardy Clause because Petitioner's case does constitute allied offenses of similar import.

> GROUND THREE: Petitioner's Federal and States Constitutional Rights was violated by multiple punishments triggering the Double Jeopardy Clause. Such as: "(A) Where the same conduct by the defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar and committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant can be convicted of all of them."

(Doc. 3, pp. 8-8a).

Respondent has filed a motion to dismiss, arguing that the petition should be dismissed. (Doc. 6). Respondent contends that the habeas petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). *Id.*

## II. THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to his claims.  Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case.  Furthermore, petitioner's ground for habeas relief is based on an alleged errors that occurred during the trial proceedings.  Since petitioner was aware of the facts underlying his claims by the close of the trial court proceedings, his ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on March 26, 2011 upon expiration of the 30-day period for filing an appeal as of right from the trial court's February 24, 2011 final judgment entry.  *See* Ohio R. App. P. 4(A).  The statute commenced running on March 28, 2011, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on

March 28, 2012, absent the application of statutory or equitable tolling principles.

During the one-year limitations period petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 470 days before petitioner filed his July 10, 2012 motion to impose concurrent sentences, the first of his post-conviction motions. Because petitioner's post-conviction motions were all filed after the one-year statute of limitations had already expired statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.

5

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 796 days to file his habeas petition after his conviction and sentence. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather

than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence").  Second, petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner.  Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Accordingly, petitioner has not demonstrated that an extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court.  Petitioner has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996.  Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights.

Accordingly, in sum, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred.  Therefore, respondent's motion to dismiss (Doc. 6) should be **GRANTED** and the instant habeas corpus petition (Doc. 3), filed well after the statute of limitations had run its course, should be **DISMISSED** with prejudice.


**IT IS THEREFORE RECOMMENDED THAT:**

1.  Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** with prejudice on the ground that the petition is time-barred under 28 U.S.C. § 2244(d).

2.  A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated

in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[2]

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


       *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[2] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  *See Slack,* 529 U.S. at 484.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MONTEZ PARROTT,                              Case No. 1:13-cv-409
      Petitioner,

                                  Barrett, J.
      vs.                                    Bowman, M.J.

WARDEN, LEBANON
CORRECTIONAL INSTITUTION,
      Respondent.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).