UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Montez Parrott,

    Petitioner,

    v.                                                Case No. 1:13cv409

Warden, Lebanon                      Judge Michael R. Barrett
Correctional Institution,

    Respondent.

**OPINION & ORDER**

    This matter is before the court on the January 29, 2014 Magistrate Judge's Report and Recommendation ("R&R") recommending that Respondent's Motion to Dismiss be granted and Petitioner's case be dismissed as being time-barred. (Doc. 8.) Notice was given to the parties under 28 U.S.C. §636(b)(1)(C). Petitioner filed objections to the R&R. (Doc. 10.)

**I.    BACKGROUND**

    Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3.) The Magistrate Judge set forth the facts of this case in the R&R, and the same will not be repeated here except to the extent necessary.

    On June 28, 2010, the Warren County, Ohio grand jury returned a seven-count indictment charging petitioner with three counts of aggravated robbery, three counts of kidnapping and one count of having weapons under a disability. On February 24, 2011, Petitioner plead guilty to three counts of aggravated robbery and was sentenced to a total aggregate prison sentence of twelve years. Petitioner did not file an appeal with the

Ohio Court of Appeals.

On January 10, 2012, Petitioner filed a *pro se* motion to impose concurrent sentences in the state trial court.  After the motion was denied, Petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal.  The Ohio Court of Appeals denied the motion for leave to file a delayed appeal.  On January 28, 2013, Petitioner filed a *pro se* notice of appeal in the Ohio Supreme Court.  On April 24, 2013, the Ohio Supreme Court declined to accept jurisdiction.

On June 1, 2013, Petitioner filed his federal habeas corpus petition.

## II.     ANALYSIS

The Magistrate Judge concluded that Petitioner's petition was time barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).  The Magistrate Judge explained that under § 2244(d)(1)(A), Petitioner's conviction became final on March 26, 2011— the day on which Petitioner's 30-day period for filing an appeal as of right expired.  Therefore, the Magistrate Judge explained, the statute expired one year later on March 28, 2012.  The Magistrate Judge found that Petitioner was not entitled to statutory tolling under 28 U.S.C. § 2233(d)(2) or equitable tolling.  Accordingly, the Magistrate Judge concluded that Petitioner's petition was time-barred.

Petitioner does not object to the Magistrate Judge's determination that under § 2244(d)(1)(A), the one-year statute of limitations expired on March 28, 2012.  Instead, Petitioner argues that under § 2244(d)(2), the statute of limitations is tolled during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court.  However, as the Magistrate Judge explained, Petitioner is not entitled to statutory tolling because the statute of limitations had run for 470 days before Petitioner filed his

first post-conviction motion on July 10, 2012. *Accord Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 460 (6th Cir.) *cert. denied*, 133 S. Ct. 141 (2012).

Petitioner also argues that Respondent has not carried its burden of demonstrating that his petition should be dismissed for laches. However, it is unnecessary for Respondent to demonstrate prejudice caused by an unduly delayed habeas petition because in this case, Petitioner's petition is barred by the statute of limitations.

### III.  CONCLUSION

Based on the foregoing, the January 29, 2014 Magistrate Judge's R&R recommending that Petitioner's case be dismissed with prejudice (Doc. 8) is hereby **ADOPTED**. Accordingly, it is hereby **ORDERED** that:

1. Respondent's motion to dismiss (Doc. 6) is **GRANTED**, and Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 3) is **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability shall not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling;

3. With respect to any application by Petitioner to proceed on appeal *in forma pauperis*, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this R&R would not be taken in "good faith," and therefore this Court **DENIES** Petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

4. This matter shall be **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                      */s/ Michael R. Barrett*
                                      Michael R. Barrett, Judge
                                      United States District Court